Mark L. Javitch (CA SBN 323729)
mark@javitchlawoffice.com
Javitch Law Office
3 East Third Ave. Ste 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

[Additional Attorneys on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRANDON JONES, an individual, | Case No.: _____ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, and FORD MOTOR CREDIT COMPANY, LLC, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

NOW COMES THE PLAINTIFF, BRANDON JONES, BY AND THROUGH COUNSEL, MARK L. JAVITCH, and for his Complaint against the Defendants, pleads as follows:

**JURISDICTION AND VENUE**

1. The transactions and occurrences that give rise to this action occurred in the city of Fullerton, Orange County, California.

2. This Court has federal subject matter jurisdiction because this action arises under a federal statute, the Fair Credit Reporting Act ("FCRA").

COMPLAINT                                                              1

3. Venue is proper in the Central District of California, Southern Division.

4. This Court has personal specific jurisdiction over Defendants because they caused an injury where Plaintiff resides, in Fullerton, California.

## PARTIES

5. Plaintiff is a natural person residing in the city of Fullerton, California.

6. The Defendants to this lawsuit are

   a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of California; and

   b. Ford Motor Credit Company, LLC ('FMC") is a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

7. FMC is inaccurately reporting its tradeline ("False Tradeline") on Plaintiff's Equifax, credit disclosure.

8. The account information is false as the account reflected by the False Tradeline was paid by the Plaintiff in full with FCM hence, he no longer owes any balance to the defendant.

9. On August 20, 2022, Plaintiff obtained his Equifax credit disclosure and noticed the False Tradeline inaccurately reporting a charge off status.

10. The False Tradeline should be reported with a payment status of "paid after charge off." This type of reporting gives the user of the report a far different and better

COMPLAINT 2

impression of the Plaintiff, his character, and his desire to handle his financial obligations responsibly.

11. The current reporting greatly reduces and improperly restricts Plaintiff's opportunities to obtain jobs, cars, and credit to maintain his lifestyle.

12. On or about September 14, 2022, Credit Repair Lawyers of America on behalf of Plaintiff, submitted a letter to Equifax, requesting to correct the inaccurate reporting.  In his dispute letter, Plaintiff explained that he paid the account in full with FMC. Hence, Plaintiff no longer owes a balance. Plaintiff also attached FMC correspondence verifying the same. Plaintiff asked Equifax to correct the inaccurate reporting.

13. Equifax forwarded Plaintiff's consumer dispute to FMC.  FMC received Plaintiff's consumer dispute from Equifax.

14. On November 20, 2022, having not received an investigation results, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and FMC failed or refused to correct the inaccurate reporting, in violation of the FCRA.

15. The False Tradeline is reporting inaccurately.  It is inaccurate and misleading to any user of the credit report who reviews it.

16. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress,

depression, anger, frustration, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, restlessness/discomfort, and weight loss due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA. Plaintiff cannot also purchase a home due to incorrect reporting.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATION OF THE**
**FAIR CREDIT REPORTING ACT**
**BY FORD MOTOR CREDIT COMPANY, LLC**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff's inaccurate payment status, FCM negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. FMC negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the False Tradeline with a payment status as "payment after charge off."

20. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

21. As a direct and proximate cause of FMC's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22.     FMC is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23.     Plaintiff has a private right of action to assert claims against FMC arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against FMC for damages, costs, interest, and attorneys' fees.

## SECOND CAUSE OF ACTION
## WILLFUL VIOLATION OF THE
## FAIR CREDIT REPORTING ACT
## BY FORD MOTOR CREDIT COMPANY, LLC

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, FMC willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

26. FMC willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of FMC's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. FMC is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against FMC for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# THIRD CAUSE OF ACTION
## NEGLIGENT VIOLATION OF THE
## FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## FOURTH CAUSE OF ACTION
## WILLFUL VIOLATION OF THE
## FAIR CREDIT REPORTING ACT BY EQUIFAX

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

40. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grants him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

Dated: November 30, 2022        Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East Third Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
39111 Six Mile Road, Suite 142,
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

Attorneys for Plaintiff,
Brandon Jones